**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LARRY JAMES WASHINGTON,<br><br>       Plaintiff,<br><br>v.<br><br>JILL JACOBY,<br><br>       Defendant. | Case No. 2:18-cv-00653-JAD-CWH<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Pro se plaintiff Larry James Washington is a Nevada state-prison inmate. Washington submitted a civil-rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 1). Washington has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Washington's request to proceed *in forma pauperis* will be granted.

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

*Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Washington alleges that on October 1, 2012, Jill Jacoby, a Clark County court reporter, conspired with state court judge Douglas E. Smith to remove or omit portions of transcripts of court hearings in which Judge Smith coerced and intimidated Washington into accepting a plea offer. (Compl. (ECF No. 1-1) at 1, 4.) Washington states that this conspiracy violated his First, Sixth, Eighth, and Fourteenth Amendment rights. (*Id.* at 4-5.) He also states the conspiracy deprived him of a fair and impartial trial. (*Id.* at 5.)

Given that 42 U.S.C. § 1983 does not contain a specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose.") The Nevada limitations period applicable in this case is two years. *See Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam) (citing Nev. Rev. Stat. 11.190(4)).

Washington's complaint was filed on April 11, 2018. Applying Nevada's two-year limitations period, any acts that occurred more than two years before that date are time-barred. Given that these incidents described in this complaint occurred in 2012, which is outside of the two-year limitations period, the court will recommend dismissal with prejudice of Washington's claims.

Even if the claims were not time-barred, it appears they are *Heck*-barred. Washington seeks damages under 42 U.S.C. § 1983 for violation of his constitutional rights in the state court criminal proceedings. If a § 1983 case seeking damages alleges constitutional violations that

would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Given that Washington alleges the conspiracy between the judge and the court reporter resulted in an unfair trial, Washington's complaint directly attacks the validity of his criminal conviction. But Washington does not allege his conviction or sentence has been reversed or otherwise invalidated.

Accordingly, because Washington's claims are time-barred and necessarily imply the invalidity of his conviction or sentence, the court will recommend that Washington's complaint be dismissed without leave to amend.

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS RECOMMENDED that plaintiff's complaint (ECF No. 1-1) be DISMISSED WITH PREJUDICE.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 22, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE